UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY LAMONT FENDERSON,

      Petitioner,

                              Case No. 14-11575

v.                               Hon. Matthew F. Leitman

MARY K. BERGHUIS,

      Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR AN
EXTENSION OF TIME (ECF #10) AND HIS REQUEST FOR A STAY
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

### I. Background

On April 17, 2014, petitioner Corey Lamont Fenderson filed a habeas corpus petition under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. The habeas petition challenged Petitioner's 2011 Oakland County conviction and sentence of fifteen to thirty years for delivery of a controlled substance causing death, Mich. Comp. Laws § 750.317a.

When screening the petition, the Magistrate Judge noticed that a prison paralegal named Omar Rashad Pouncy signed his own name on the habeas petition where Petitioner should have signed it and that Mr. Pouncy appeared to have signed Petitioner's name on the application to proceed *in forma pauperis*. Additionally, the

petition appeared to name the wrong individual as the respondent, and Petitioner failed to submit two copies of the habeas petition, which were needed for service on the respondent and on the Michigan Attorney General.

In light of these errors, the Magistrate Judge ordered Petitioner on May 7, 2014, to: (1) submit an original habeas corpus petition and two copies of the petition signed by himself or by someone authorized to sign in his behalf; (2) identify the prison where he was confined and the warden who had custody of him; and (3) submit either the $5.00 filing fee or a personally signed application to proceed *in forma pauperis* and a certified statement summarizing the activity in his prison trust fund account. *See* Order to Correct Deficiencies, ECF #4. On May 27, 2014, Petitioner requested an additional thirty days, or until July 7, 2014, in which to comply with the Magistrate Judge's order. *See* Ex Parte Motion for Enlargement of Time, ECF #6. On June 5, 2014, the Magistrate Judge granted Petitioner's request and ordered him to cure the procedural deficiencies on or before July 7, 2014. *See* Order Granting Petitioner's Motion for Enlargement of Time, ECF #7.

Petitioner subsequently submitted a signed application to proceed without prepayment of the fees and costs for this action. But he did not submit a signed habeas corpus petition naming the warden of the prison where he is confined. Consequently, on September 9, 2014, the Court gave Petitioner one final opportunity

to correct the procedural deficiency in his case. The Court ordered Petitioner to file an original and two identical copies of a habeas corpus petition, which he had personally signed and which included the correct name of his warden and the prison where he is confined. *See* Order, ECF #9.

On October 9, 2014, Petitioner signed and dated a motion to extend the time for complying with the Court's order. The motion was received and filed by the Clerk of the Court on October 15, 2014. *See* Motion for Extension of Time, ECF #10. On the following day, the Court received Petitioner's amended habeas corpus petition, which he appears to have signed and which correctly names Petitioner's current warden as the respondent. In his petition, however, Petitioner states that he would like the Court to stay these proceedings and to hold his habeas petition in abeyance while he pursues additional state remedies. *See* Petition for Writ of Habeas Corpus, ECF # 11.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state court before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). To properly exhaust state remedies, a petitioner must fairly present the legal and factual basis for each claim to the state court of appeals and to the state supreme court before raising the claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414-

15 (6th Cir. 2009). A district court ordinarily must dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Petitioner raises the following four claims in his recent habeas petition: (1) he suffered a complete deprivation of counsel during a critical pretrial stage; (2) he was denied effective assistance of counsel; (3) the statute criminalizing delivery of a controlled substance causing death is unconstitutional, and (4) he was constructively deprived of counsel when the trial court denied his request for expert witnesses; in the alternative, appellate counsel was ineffective for failing to challenge the denial of an expert witness. Petitioner alleges that he exhausted state remedies for his first two four claims, but that he has not exhausted state remedies for his third and fourth claims.

If the Court were to dismiss Petitioner's habeas petition while he pursues state remedies for his unexhausted claims, a subsequent habeas petition could be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Given the tension created by the exhaustion doctrine and the statute of limitations, some courts have taken a "stay and abeyance" approach whereby a federal district court holds a habeas petition in abeyance while the petitioner pursues state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the petitioner

exhausts state remedies, the district court lifts the stay and allows the petitioner to proceed in federal court. *Id.* at 275-76. The stay-and-abeyance approach is "available only in limited circumstances," such as when the petitioner demonstrate "good cause" for his failure to exhaust his claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 277-78.

Petitioner has not alleged "cause" for his failure to raise all his claims in state court before he filed his habeas petition, but his unexhausted claims are not plainly meritless, and he does not appear to be engaged in abusive litigation tactics. The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

Therefore, **IT IS ORDERED THAT**:

1. Petitioner's motion to extend the time to comply with the Court's order (ECF #10) is granted;

2. Petitioner's request for a stay and to hold the habeas petition in abeyance is granted;

3. the Court's stay is conditioned on Petitioner filing a motion for relief from judgment in state court within **ninety (90) days** of the date of this order;

4. this case is hereby closed for administrative purposes; and

5. if Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas

corpus petition and a motion to re-open this case, using the same caption and case number that appear on this order. The amended petition and motion to re-open this case shall be due within **ninety (90) days** of exhausting state remedies.

Failure to comply with either of the two ninety-day conditions of this stay could result in the dismissal of the entire amended petition. *Calhoun v. Bergh*, __ F.3d __, __, No. 12-2509, 2014 WL 4922059, at *2 (6th Cir. Oct. 2, 2014).

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2014


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113